Peter Strojnik, 6464
**THE LAW FIRM OF PETER STROJNIK**
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *Strojnik@aol.com*
Attorney for Defendant Firerock

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AURORA LOAN SERVICES, LLC, its assignees and/or successor's in interest, | ) NO.  2:10-cv-02069-SRB |
| Plaintiff, | ) |
| | **DEFENDANT FIREROCK INTERNATIONAL GROUP, INC.'S COUNTERCLAIM AND DEMAND FOR TRIAL BY JURY** |
| vs. | ) |
| DOUG STARKS, Occupants and Parties-In-Interest, including FIREROCK INTERNATIONAL GROUP, INC., formerly SUNBELT FINANCIAL CONCEPTS, INC., an Arizona Corporation | **Violation of Title VII, Section 701 et seq (Violation of the Protecting Tenants at Foreclosure Act and consequential Abuse of Process)** |
| Defendants. | **Breach of Contract** |
| _____ | ) |
| FIREROCK INTERNATIONAL GROUP, INC., formerly SUNBELT FINANCIAL CONCEPTS, INC., an Arizona Corporation, | ) |
| Counterclaimant | ) |
| vs. | ) |
| AURORA LOAN SERVICES, LLC, its assignees and/or successor's in interest, | ) |
| Counterdefendant. | ) |
| _____ | ) |

Counterclaimant alleges against Counterdefendant:

1. Counterclaimant Firerock International Group, Inc., formerly Sunbelt Financial Concepts, Inc., an Arizona Corporation is an Arizona Corporation ("Firerock").

2. Counterdefendant Aurora Loan Services, LLC, its assignees and/or successor's in interest are, upon information and belief, foreign entities.

3. The amount in controversy exceeds $75,000.00

4. The subject matter of this Complaint is based on violation of federal law, to wit, the Protecting Tenants at Foreclosure Act.

5. This matter concerns a condominium unit at 2402 East Esplanade Unit 601 (hereinafter "Property").

## GENERAL ALLEGATIONS

### CURRENT LEASE

6. Firerock is an Arizona Corporation currently in possession of the Property.

7. American Dream Estates Management, LLC, ("American Dream"), a non-party, is, upon information and belief, an Arizona Limited Liability Company.

8. In 2003, American Dream and defendant Doug Starks ("Starks") agreed to purchase the Property. Starks would be the record purchaser, but American Dream would make the payments.

9. On September 1, 2005, Starks, American Dream and Firerock entered into a lease agreement for the lease of the property ("Prior Lease").

10. On September 1, 2006, Starks, in his personal capacity and in his capacity as the authorized member of American Dream executed a lease agreement to the Property in favor of Firerock. ("Lease").

11. The Lease was for a period of seven years, commencing on September 1, 2006 and ending on August 31, 2013.

12. The Lease acknowledged advance payments of rent and acknowledged a credit balance in favor of Firerock; as of the date of this filing of this Counterclaim, the credit balance in favor of Firerock exceeds the jurisdictional requirement of $75,000.00.

13. Thereafter, on or about January 9, 2009, Starks formally transferred title to the Property to American Dream and recorded the same at the Maricopa County Recorder at 20090019430.

14. In order to avoid any confusion with respect to the Landlord Entity, American Dream ratified the Lease on 02-03-10, and more formally on 2-22-10

15. Firerock has occupied the Property – and continues to occupy the Property - pursuant to the Lease.

16. By virtue of the Lease, Firerock has rights of a tenant in possession under a lease which is superior to the interest of Counterdefendant. See A.R.S. §12-1173.01 and the Protecting Tenants at Foreclosure Act.

**_PRIOR ALLEGED FORECLOSURE AND FIREROCK'S COMMITMENT TO THE LEASE_**

17. On November 19, 2009, Aurora advised Starks, American Dream and Firerock that the Property "was sold at a foreclosure sale in accordance with the law of the State of Arizona". ("11-19-10 Notice to Vacate"). The 11-19-10 Notice to Vacate also advised Firerock that it "must vacate the Property at the end of the remaining current term of the bona fide lease or ninety days after service of this notice, whichever occurs later."

18. The 11-19-10 Notice to Vacate was accepted by Firerock, and a copy of the Lease was provided to Aurora.

19. On December 11, 2009, Aurora inquired whether Firerock intended to remain on the property and pay Aurora; Firerock responded that it intended to remain on the property and make payments "pursuant to the terms of the lease agreement".

20. On June 28th, 2010 Aurora again "foreclosed" on the subject property. At that time FireRock again provided the lease to Aurora.

21. On July 23, 2010, Aurora issued another Notice to Vacate ("07-23-10 Notice to Vacate") which advised Firerock that it "must vacate the Property at the end of the remaining current term of the bona fide lease or ninety days after service of this notice, whichever occurs later."

22. Firerock reconfirmed its commitment to the Lease by communication dated August 3, 2010.

23. Since Firerock enjoyed a credit against rent payments, no cash payments were forwarded to Aurora, but appropriate credits were made in favor of American Dream. In addition, Aurora never asked for payments nor provided a payment address.

24. On August 10, 2010, Aurora initiated a forcible entry and detainer court action against, inter alia, Firerock, for possession of the Property ("Forcible Entry and Detainer Action").

## COUNTERCLAIM COUNT ONE
### (Violation of the Protecting Tenants at Foreclosure Act and Consequential Abuse of Process Claim)

25. Counterclaimant realleges all allegations heretofore set forth.

26. Aurora initiated the Forcible Entry and Detainer Action in violation of the Protecting Tenants at Foreclosure Act, Title VII, Sections 701 *et seq.*

27. Aurora knew, or should have known, that the Protecting Tenants at Foreclosure Act grants a tenant 90 days to find alternative housing and to vacate the premises.

28. Aurora initiated the Forcible Entry and Detainer Action prior to the expiration of the 90 day period mandated by the Protecting Tenants at Foreclosure Act.

29. The filing and limited prosecution of the Forcible Entry and Detainer Act represents (1) a willful act in the use of judicial process (2) for an ulterior purpose not proper in the regular conduct of the proceedings.

30. Firerock has been damaged by Aurora's violation of the Protecting Tenants at Foreclosure Act and the abuse of its process as outlined above.

31. Aurora's violation of the Protecting Tenants at Foreclosure Act and the abuse of its process as outlined above entitle Firerock for damages.

## COUNTERCLAIM COUNT TWO
### (Breach of Contract)

32. Firerock realleges all allegations heretofore set forth.

33. Aurora's 11-19-09 Notice to Vacate advised Firerock that the Property "was sold at a foreclosure sale in accordance with the law of Arizona" and that Firerock "must vacate the Property at the end of the remaining current term of the bona fide lease or ninety days after service of this notice, whichever occurs later."

34. Upon information and belief, the Property was not sold prior to 11-19-09, but was sold as alleged by Plaintiff in Paragraph 5 of its Complaint "on June 25, 2010".

35. The 11-19-09 Notice to Vacate constitutes an offer for Firerock to remain on the Property provided that Firerock abides by the terms of the Lease.

36. Firerock materially changed its position with respect to a leasehold premises in that Firerock remained on the Property in reliance on Plaintiff's offer that it remain on the property until the end of the Lease term.

37. Firerock abided by the terms of the Lease and remained on the property.

38. Aurora and Firerock entered into a promissory estoppel; an express contract affirmed in writing; a contract implied in law; a contract implied in fact; and or a quasi-contract enforceable by its terms by this Court.

39. By filing the Forcible Entry and Detainer Action, Aurora breached the contract, causing damage in an amount to be proven at trial.

40. Since this contract is enforceable by specific performance, Firerock seeks, in addition and/or in lieu of money damages, the equitable remedy of specific performance.

41. This matter arises out of contract, entitling Firerock to an award of attorney's fees pursuant to A.R.S. § 12-341.01.

## PRAYER FOR RELIEF

Firerock prays for judgment against Aurora as follows:

A. For damages directly and consequentially caused by Aurora's violation of the Protecting Tenants at Foreclosure Act and its abuse of the process; and

B. For an order of specific performance of the contract; and

C. For damages sustained by Firerock by virtue of Aurora's breach; and

D. For costs and attorney's fees pursuant to A.R.S. § 12-341.01; and

E. For such other and further relief as the Court may deem just and proper.

## REQUEST FOR TRIAL BY JURY

Firerock requests a trial by a jury.

RESPECTFULLY SUBMITTED this 27th day of September, 2010.

**PETER STROJNIK, P.C.**

_____

By: Peter Strojnik

Attorney for Defendant Firerock

The original of the foregoing e-filed
this 27th day of September with the
Clerk of the United States District Court

And a copy e-mailed to Jason Sherman, counsel for Plaintiff.

/s/