Stephen M. Dichter, 004043
sdichter@hcdslaw.com
Kelly A. Hedberg, 024934
khedberg@hcdslaw.com
HARPER CHRISTIAN DICHTER & SLUGA, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, Arizona  85004
Telephone:  (602) 792-1700
Facsimile:  (602) 792-1710
*Attorneys for Plaintiff Aurora Loan Services, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AURORA LOAN SERVICES, LLC., its assignees and/or successor's in interest,<br><br>Plaintiff,<br><br>vs.<br><br>DOUG STARKS, Occupants and Parties-In-Interest, including FIREROCK INTERNATIONAL GROUP, INC., formerly SUNBELT FINANCIAL CONCEPTS, INC., an Arizona Corporation,<br><br>Defendants. | No. CV 10-02069-SRB<br><br>**PLAINTIFF AURORA LOAN SERVICES, LLC'S MOTION TO DISMISS FIREROCK'S COUNTERCLAIM**<br><br>And<br><br>**RESPONSE TO FIREROCK'S MEMORANDUM RE: REMOVAL JURISDICTION**<br><br>(Assigned to the Honorable Susan Ritchie Bolton) |

To solve the issue before this court regarding Firerock's federal question jurisdiction, Aurora Loan Services, LLC moves this Court to dismiss Firerock's claim under The Protecting Tenants at Foreclosure Act of 2009 with prejudice, since there is no private right of action for this claim.  Firerock moves, pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss Firerock's PTFA cause of action for failure to state a claim upon which relief can be granted.  Plaintiff respectfully requests that all remaining matters be remanded back to state court for further determination.

This Motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. THE PROTECTING TENANTS AT FORECLOSURE ACT OF 2009 DOES NOT ALLOW FOR A PRIVATE RIGHT OF ACTION.

The Protecting Tenants at Foreclosure Act of 2009 ("PTFA") does not allow for a private right of action.[1] The District Court in *Nativi* closely examined whether the PTFA provides for an implied right of action sufficient to survive a Motion to Dismiss in federal court.[2] It does not.[3] The other cases arising in the Ninth Circuit, all at the District Court level, to date, have reached the same conclusion.

The factual background in *Nativi* is similar to the case at hand. Plaintiffs were tenants of a foreclosed property.[4] Upon returning home from a vacation, Plaintiffs were barred from the property and found their belongings had been "collected and deposited outside of the unit" and suffered damage.[5] Plaintiffs' First Amended Complaint alleged a claim arising under the PTFA. Defendant removed the action to federal court and filed a motion to dismiss.

Defendant moved to dismiss Plaintiffs' PTFA cause of action alleging PTFA does not allow for a private right of action. Recognizing this was a question of first impression within the Circuit, the District Judge applied the factors used by the Supreme Court in *Cort v. Ash*.[6] In *Cort*, the Supreme Court established a four-factor test in resolving issues whether a federal statute creates a private right of action.[7] The four factors are as follows: "(1) whether the plaintiff is 'one of the class for whose especial benefit the

---

[1] *Nativi v. Deutsche Bank National Trust Company*, 2010 WL 2179885 (N.D. Cal. 2010); *see also Fannie Mae v. Lemere*, 2010 WL 2696697 (E.D.Cal. 2010); *Deutsche Bank Nat. Trust Co. v. Jora*, 2010 WL 3943584, *1 (E.D.Cal. 2010).

[2] *Nativi* at *1.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.* at *3; *citing Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080(1975).

[7] *Cort,* 422 U.S. 66, 78, 95 S.Ct. 2080(1975).

statute was enacted;' (2) whether 'there [is] any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one'; (3) whether it is 'consistent with the underlying purposes of the legislative scheme to imply such remedy for the plaintiff'; and (4) whether the 'cause of action [is] one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law.'"[8]

In its analysis of the first factor, the court examined legislative history surrounding the PTFA.[9] In a statement by Sen. Gillibrand, the court concluded that "[t]he PTFA protects tenants who are the victims of the foreclosure crisis." The court further recognized that, "[t]he objective of these new tenant protections is to ensure that tenants receive appropriate notice of foreclosure and are not abruptly displaced."[10] In sum, the Court found that the Plaintiffs belonged to the class that the statute was intended to benefit.[11]

Moving to the second factor, whether the legislature intended to create a private remedy, the Court looked again to legislative history. In its analysis, the Court realized fairly quickly that the intent was that the remedy comes from state rather than federal court:

> "Congress and the administration have taken a number of actions to help our homeowners weather this housing crisis. We have worked to expand foreclosure counseling services, provide homeowners with incentives to write down their debts, and to give *local governments and States* the tools they need to tackle this housing crisis."[12]

The Court went on to further show the legislative intent applied to state court

---

[8] *Id.* at *2; *citing Cort v. Ash,* 422 U.S. 66, 78 (1975).

[9] *Id.* at *3.

[10] *Id.*; *citing* Protecting Tenants at Foreclosure: Notice of Responsibilities Placed on Immediate Successors in Interest Pursuant to Foreclosure of Residential Property, 74 Fed.Reg. at 30106.

[11] *Id.* at *3.

[12] *Id.*; *citing* 155 CONG. REC. S5096-7 (daily ed. May 5, 2009) (statement of Sen. Gillibrand) (emphasis added in the original).

3

actions by noting, "[t]he PTFA was intended to allow tenants who are the victims of the foreclosing crisis a protection that can be used in the state courts to combat unlawful evictions."[13] The Court, therefore, concluded that "Congress intended the PTFA to be used for protection in state court."[14]

Based on its conclusion regarding the second factor, the Court was able to speedily resolve factors three and four. To allow a private right of action at the federal level would be inconsistent with the "underlying purposes of the legislative scheme"[15] and, an eviction process is typically relegated to state law. In conclusion, the Court recognized "three out of the four *Court* factors, including the most important 'intent' factor did not support finding an implied right of action."[16]

The analysis performed by the Court in *Nativi* is diametrically opposed to the positions taken in Firerock's Memorandum. Since it is clear that the PTFA does not create a private right of action, Aurora moves this Court to dismiss Firerock's cause of action under the PTFA. Aurora finds the arguments in Firerock's memorandum to this Court to be nothing more than an attempt to cause unnecessary delay of this case, requiring Aurora to incur additional legal expenses needlessly.

## II.    FEDERAL QUESTION JURISDICION

Were the Court to find that there was a private right of action under the PTFA, then the Court's conclusion that the case should be remanded to state court, we think, respectfully, be subject to question. But, if there is no private right of action under the PTFA, then there exists no Federal question and, therefore, no jurisdiction under 28 U.S.C. §1331. While the Court could simply remand the case to state court without reaching the issue of the existence of a private right of action, then, upon remand, Defendants are certain to continue their pattern of delay by trying to convince an Arizona

---

[13] *Id.*; *citing* 155 CONG. REC. S5111 (daily ed. May 5, 2009) (statement of Sen. Kerry).
[14] *Id.* at *4.
[15] *Id.* at *4
[16] *Id.*

Court that a private right action does exist and that the Courts of the State of Arizona have concurrent jurisdiction to adjudicate such an action. This would obviously lead to a lengthy journey through the Arizona court system and, though somewhat unlikely, could possibly lead to anomalous results as between the two Court systems. Given the flood of mostly *pro se* Complaints being filed in the Courts invoking the PTFA – many of which can and are being removed by defendants from state to federal court under either or both Federal question and/or diversity jurisdiction, we urge the Court to dismiss the PTFA claims with prejudice, under Rule 12(b)(6), F.R.Civ.P., and to then remand the case.

### III.   CONCLUSION

This conclusion here is simple; there is no private right of action under PTFA. Thus, Aurora respectfully requests that this Court dismiss, with prejudice, Firerock's claim and remand the case for further proceedings at the state level.

RESPECTFULLY SUBMITTED this 15th day of October, 2010.

HARPER CHRISTIAN DICHTER & SLUGA, P.C.

By /s/ Kelly A. Hedberg
Stephen M. Dichter
Kelly A. Hedberg
*Attorneys for Plaintiff Aurora Loan Services, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for service upon:

Peter Strojnik
The Law Firm of Peter Strojnik
3030 N. Central Avenue, Suite 1401
Phoenix, Arizona 85012
*Attorney for Defendant Firerock International
  Group, Inc.*

/s/   Kathryn Mrozek